UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | )   05-2232 |
| v. | ) |
| | ) |
| RICHARD PURDY and MONICA PURDY | ) |
| d/b/a COLES COUNTY AUTO SALVAGE, | ) |
| and DAWN R. SNYDER, Administrator of the | ) |
| Estate of HAROLD C. SNYDER, III, | ) |
| | ) |
| Defendants. | ) |

ORDER

Defendants Richard and Monica Purdy ("the Purdys") own and operate a motor vehicle salvage yard in Oakland, Coles County, Illinois. Nautilus Insurance Company ("Nautilus") covered the Purdys' business pursuant to a Commercial General Liability insurance policy ("CGL policy"). The insurance coverage was in effect at all relevant times.

Harold C. Snyder ("the decedent") had an arrangement with the Purdys to work at their salvage yard; in exchange, the decedent and his family lived, rent free, in a home adjacent to the salvage yard. On or about November 15, 2003, while the decedent was working at the salvage yard pursuant to this arrangement, a vehicle fell off a motor vehicle lift, fatally injuring the decedent.

On July 14, 2004, defendant Dawn Snyder ("Mrs. Snyder") filed a negligence complaint against the Purdys. That complaint is pending before the Circuit Court of the Fifth Judicial Circuit, Coles County, Illinois.

Nautilus filed this complaint for declaratory judgment, stating that it has no duty under the CGL policy to defend or indemnify the Purdys on the underlying claim. Nautilus argues that the CGL policy does not cover the decedent's injuries because he was (1) an employee; (2) a volunteer; or (3) an independent contractor performing services for the Purdys. Injuries of employees, volunteers and independent contractors are specifically excluded from the terms of the policy.

Mrs. Snyder filed a motion to dismiss the complaint for declaratory judgment for lack of subject matter jurisdiction, and on the basis of *forum non conveniens*. The Purdys were granted a motion for extension of time to file a response, and after failing to respond, Nautilus filed a motion for entry of default against them. Finally, counsel entered an appearance for the Purdys and filed a motion to adopt Mrs. Snyder's motion to dismiss. Also filed was a motion to set

1

aside any and all default.[1]

## ANALYSIS

### I.

The defendants argue that the complaint must be dismissed for lack of subject matter jurisdiction. Nautilus filed its complaint pursuant to 28 U.S.C. § 1332.[2] Nautilus is incorporated in the State of Arizona, with its principal place of business in Scottsdale, Arizona. The complaint alleges the Purdys are residents of Illinois, and the decedent's estate (with Mrs. Snyder as administrator) is pending before the Circuit Court in Coles County, Illinois. In her memorandum of law supporting her motion, Mrs. Snyder states she is a resident of Florida. Nowhere in the pleadings have the parties established that they are of diverse citizenship. It is well-established that residency is not the same as citizenship. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). However, it appears probable that none of the defendants is a citizen of the State of Arizona, as is the plaintiff. The defendants have not raised this issue in their motion to dismiss. The court will assume that diversity of citizenship exists in this case.[3]

The basis for the motion is the amount in controversy. Nautilus seeks a declaratory judgment rather than monetary damages. The defendants argue that since Nautilus does not seek damages, there is no amount in controversy; thus, the court lacks subject matter jurisdiction.

In an action of this sort, the amount in controversy is determined when the insurer's action begins. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006). The duty to defend "depends on what the plaintiff [in the underlying suit] alleges, while indemnity is limited to what the plaintiff proves[;] . . . a declaratory judgment that the insurer need not defend means that it need not indemnify either, whether or not the plaintiff makes good on his contentions." *Meridian*, 441 F.3d at 539. Consequently, the potential outlay for indemnification counts toward the jurisdictional minimum. *Meridian*, 441 F.3d at 539.

The underlying suit alleges an amount in controversy in excess of $50,000, as required by Illinois Supreme Court Rule 222. However, negligence resulting in a fatal injury gives rise to a

---

[1] The motion is denied as moot because the Purdys have not yet been defaulted in this case. And now that the Purdys have responded with their motion to dismiss, the motion for entry of default [#20] is denied.

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

[3] If the court's assumption is incorrect, any of the parties may refile, within two weeks of the date of this order, a motion to dismiss supported by an affidavit properly alleging the citizenship of each party to show that complete diversity does not exist.

claim potentially worth considerably more than that.  The court concludes that the value of the claim exceeds the jurisdictional minimum of $75,000.  The motion to dismiss for lack of subject matter jurisdiction is denied.

II.

The defendants also argue that this case should be dismissed pursuant to the doctrine of *forum non conveniens*.  The doctrine is codified in 28 U.S.C. § 1404(a), which allows a district court, "for the convenience of parties and witnesses, in the interest of justice, . . [to] transfer any civil action to any other district or division where it might have been brought."  Thus, the court has discretion to transfer (not dismiss) an action to another federal (not state) court.  28 U.S.C. § 1404(a); *Nemanich v. Dollar Rent-A-Car Services, Inc.*, 413 N.E.2d 178,181 (Ill. App. Ct. 1980) ("[T]he Judicial Code of the United States (28 U.S.C. § 1404(a)) provides for transfer of venue among federal district courts only[.]").

The defendants seek dismissal of this case, arguing that the Circuit Court for the Fifth Judicial District, Coles County, Illinois, is the proper place for this case.  In support of their argument, they cite to *Kamel v. Hill-Rom Co. Inc*., 108 F.3d 799, 802 (7th Cir. 1997).  However, *Kamel* involved an alternate forum in Saudi Arabia, making 28 U.S.C. 1404(a) inapplicable; instead, the common law doctrine of *forum non conveniens* applied.  *See Kamel*, 108 F.3d 799. Dismissal, rather than transfer, is proper under the common law doctrine.  *Kamel*, 108 F.3d at 802, 805.  Under Section 1404(a), dismissal is not an option.  *See* 28 U.S.C. § 1404(a); see also 17 James Wm. Moore et al., Moore's Federal Practice ¶ 111.01 (3d ed. 2006).  The motion to dismiss on the basis of *forum non conveniens* is denied.

CONCLUSION

For the foregoing reasons, the motions to dismiss this case [#8, #23] are denied in their entirety.  The motion for entry of default [#20] is denied.  The motion to set aside any and all default [#23][4] is denied as moot.  The defendants are ordered to efile an answer to Nautilus's complaint within ten (10) days of the date of this order.

Entered this 9th day of May, 2006.

**s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[4] The Purdys' motion to dismiss and their motion to set aside any and all default are two separate motions.  These stand-alone motions (as opposed to motions "in the alternative") should be docketed in separate docketing events.  In the future, the court will strike any documents that combine separate motions in a single event.