UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | )    05-2232 |
| v. | ) |
| | ) |
| RICHARD PURDY and MONICA PURDY | ) |
| d/b/a COLES COUNTY AUTO SALVAGE, | ) |
| and DAWN R. SNYDER, Administrator of the | ) |
| Estate of HAROLD C. SNYDER, III, | ) |
| | ) |
| Defendants. | ) |

ORDER

Defendants Richard and Monica Purdy ("the Purdys") own and operate a motor vehicle salvage yard in Oakland, Coles County, Illinois. Nautilus Insurance Company ("Nautilus") covered the Purdys' business pursuant to a Commercial General Liability insurance policy ("CGL policy"). The insurance coverage was in effect at all relevant times.

Harold C. Snyder ("the decedent") had an arrangement with the Purdys to work at their salvage yard; in exchange, the decedent and his family lived, rent free, in a home adjacent to the salvage yard. On or about November 15, 2003, while the decedent was working at the salvage yard pursuant to this arrangement, a vehicle fell off a motor vehicle lift, fatally injuring the decedent.

On July 14, 2004, defendant Dawn Snyder ("Mrs. Snyder") filed a premises liability claim against the Purdys. That complaint is pending before the Circuit Court of the Fifth Judicial Circuit, Coles County, Illinois.

Nautilus filed this complaint for declaratory judgment, stating that it has no duty under the CGL policy to defend or indemnify the Purdys on the underlying claim. Nautilus argues that the CGL policy does not cover the decedent's injuries because he was (1) an employee; (2) a volunteer; or (3) an independent contractor performing services for the Purdys. Injuries of employees, volunteers and independent contractors are specifically excluded from the terms of the policy.

Mrs. Snyder has filed a motion to stay the proceedings in this court pending the outcome of the underlying state court action. Nautilus opposes the motion to stay. The Purdys have not responded to the motion.

ANALYSIS

Whether to stay proceedings on a declaratory judgment action rests within the sound discretion of the court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The court's determination is guided by the following factors: "(1) the scope of the pending state court proceeding; (2) the nature of defenses open there; (3) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (4) whether necessary parties have been joined; and (5) whether such parties are amenable to process in that proceeding." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). A court is not limited to these factors and should consider other factors of particular relevance. *Brillhart*, 316 U.S. at 495.

The issue before this court is whether Nautilus has a duty to defend and/or indemnify the Purdys in the underlying suit. The determination hinges on the employment status of the decedent. Mrs. Snyder contends that this issue can be resolved within the state court case.

However, her argument glosses over the fact that Nautilus seeks a declaration that there is no duty to indemnify or *defend* the Purdys in the underlying case. Despite Mrs. Snyder's argument that the decedent's employment status can be determined within the state court proceeding, the question in that proceeding is the Purdys' premises liability. Indemnity is not an issue if the underlying case is resolved in the Purdys' favor. However, Nautilus would have already launched a significant defense on behalf of the Purdys, rendering hollow any determination that Nautilus had no duty to defend them.

## CONCLUSION

For the foregoing reasons, the motion to stay proceedings [#28] is denied. The court will issue a separate order setting a Rule 16 scheduling conference.

Entered this 23rd day of June, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE